# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-2019-LRR |
| vs. | ORDER |
| ZACHARY JAMES KRUSE, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Zachary James Kruse's Objections (docket no. 21) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 20), which recommends that the undersigned deny Defendant's Motion to Suppress ("Motion") (docket no. 12).

## *II. STANDARD OF REVIEW*

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *see also* Fed. R. Crim. P. 59(b)(3) (stating "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed R. Crim. P. 59(b)(3) (stating a district judge "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions"). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the undersigned reviews the parties' objections de novo.

## III. ANALYSIS

Defendant objects to two of Judge Scoles's legal conclusions. First, he objects to Judge Scoles's conclusion that the search warrant was supported by probable cause. Second, he objects to Judge Scoles's conclusion that there was no unreasonable delay in executing the warrant.

With regard to the first issue, Defendant argues that Judge Scoles failed to consider the fact that the search warrant did not contain information regarding the amount of marijuana found during the "trash-rips." Defendant claims "a reasonable person could not conclude without knowing the quantity of marijuana seeds and stems that probable cause existed." Objections at 2. The court disagrees. The fact that there was *some* quantity of seeds and stems goes to the probable cause analysis. Furthermore, the issuing magistrate did not rely strictly on the "trash-rips" in issuing the warrant. Judge Scoles lists ten circumstances considered by the issuing magistrate that, when viewed together, clearly constitute probable cause. *See* Report and Recommendation at 8.

Next, Defendant objects to Judge Scoles's conclusion that "the four-day delay in [the search warrant's] execution did not invalidate the warrant." Report and Recommendation at 15. Judge Scoles's analysis on this point is thorough, concise and correct. The court overrules the Objection.

Defendant does not specifically object to any of the remaining issues which Judge Scoles addresses in the Report and Recommendation. In any event, the court agrees with all of the legal conclusions in the Report and Recommendation and shall adopt it in its entirety.

## IV. CONCLUSION

In light of the foregoing, the Objections (docket no. 21) are **OVERRULED**. The Report and Recommendation (docket no. 20) is **ADOPTED**. The Motion (docket no. 12) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 13th day of June, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA